**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**PHYLLIS ROBERTS**                                                                        **PLAINTIFF**

**v.**                                  **Case No. 4:20-cv-01471-JM**

**KROGER**                                                                             **DEFENDANT**

## ORDER

On December 22, 2020, the Court granted Plaintiff Roberts's petition to proceed *IFP* and screened her Complaint.  (Doc. 4). Pleading deficiencies in her employment action were identified, and she was given an opportunity to amend her complaint.  (*Id.*)  In response, Ms. Roberts has filed an Addendum.  (Doc. 5).  The document is not really an Amended Complaint but rather a one-page right-to-sue letter issued by the EEOC devoid of any factual support.  (Doc. 5).  Nevertheless, for purposes of screening, 28 U.S.C. § 1915(e)(2), the Court will consider it in conjunction with original Complaint.

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge [ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In the Court's previous Order, Ms. Roberts was warned that, while *pro se* complaints are liberally reviewed, the responsibility to allege facts supporting a race discrimination and hostile work environment rested with her.  Ms. Roberts's Complaint and Addendum fail to meet this burden.

Ms. Roberts alleges she suffered race discrimination and endured a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. The Court explained that, as pleaded, her allegations are entirely conclusory.  Among other things, Ms. Roberts was given the opportunity "to identify her own race or the race of any person with whom she worked" and "to identify how other similarly situated employees were treated differently." (Doc. 4).  Ms. Roberts's newly filed Addendum does not address these deficiencies.

The Complaint is dismissed without prejudice for failing to state a claim on which relief can be granted.  The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 25th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE